Sagarese v City of New York (2019 NY Slip Op 04458)





Sagarese v City of New York


2019 NY Slip Op 04458


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9538 156846/14

[*1]Frank Sagarese, et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered August 7, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff Frank Sagarese's motion for partial summary judgment on liability and granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, the complaint as amplified by the further supplemental bill of particulars reinstated, and otherwise affirmed, without costs.
The court properly granted defendant's motion for summary judgment dismissing so much of plaintiff's General Municipal Law § 205-e claim predicated on the Jones Act (46 USC § 30104 et seq. ). Plaintiff, a land-based boat mechanic for the New York Police Department Harbor Unit, was not a "seaman" for purposes of the Jones Act (see Chandris, Inc. v Latsis , 515 US 347, 368 [1995]).
The court should not have treated plaintiff's further supplemental bill of particulars as a nullity. Rather, plaintiff should have been permitted to file the further supplemental bill of particulars with respect to defendant's alleged violations of statutes, ordinances, rules, and/or regulations which amplify and elaborate upon facts and theories already set forth in the original bill of particulars and raise no new theory of liability (Orros v Yick Ming Yip Realty, Inc. , 258 AD2d 387, 388 [1st Dept 1999]).
We decline to search the record to dismiss the complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK